S10A1723. MASON v. THE STATE.
(704 SE2d 802)

HUNSTEIN, Chief Justice.

Alfonso Mason was convicted of murder in the stabbing death of Cynthia Hyman and of kidnapping, armed robbery and hijacking a motor vehicle as to Bridgett McLemore. He appeals from the denial of his motion for new trial[1] challenging the sufficiency of the evidence as to his murder conviction and the admission of his custodial statements. Finding no error, we affirm.

1. The evidence adduced at trial authorized the jury to find that appellant, after residing in a third floor room at an extended stay hotel for over year, was being evicted on the day of the charged crimes due to his inability to pay the rent. Cynthia Hyman, who was the executive housekeeper at the hotel, had earlier confirmed with appellant that he was leaving that day. However, before 1:00 p.m., appellant saw Hyman enter Room 221 on the second floor of the hotel and went to her to get back a pouch containing jewelry that Hyman had tried to sell on appellant's behalf. Appellant had decided

---

[1] The crimes occurred on March 8, 2007. Mason was indicted October 24, 2007 in Clayton County on charges of murder, felony murder, two counts of aggravated assault, two counts of armed robbery, kidnapping and hijacking a motor vehicle. He was acquitted of armed robbery as to victim Cynthia Hyman and found guilty of the remaining charges on March 20, 2008. He was sentenced that day to life in prison for murder and three 20-year consecutive sentences for armed robbery, kidnapping and car jacking; the remaining charges were merged into the murder or armed robbery convictions. His motion for new trial, filed April 1, 2008, was denied October 15, 2008. Mason's motion for an out-of-time appeal was granted June 8, 2010 and his notice of appeal was filed that day. The appeal was docketed for the September 2010 term in this Court and was submitted for decision on the briefs.

against letting Hyman sell the jewelry because he did not like the price or terms of payment offered by the purchaser Hyman had located. Although Hyman had answered a telephone call on her cell phone around 12:30 p.m. that day, she did not answer any subsequent calls. Around 1:00 p.m., the assistant manager of the hotel, Bridgett McLemore, saw appellant on the second floor walking away from the area where Room 221 was located. Appellant descended the stairs and approached her. After she greeted him, he followed her into the office, put a handgun to her side and said, "Bridgett, I'm going to have to rob you." He then stole money from the till, damaged the wires to the security system and ordered McLemore to drive him from the scene in her car. While in the car, appellant reiterated threats to kill the hotel's manager and commented that "Cynthia was tripping"; the comment puzzled McLemore, who did not understand what appellant was saying about Hyman or why he mentioned her. Shortly afterwards, he ordered McLemore to drive back to the hotel's area, where he took the car and her cell phone and allowed her to leave. McLemore ran to the hotel's office where she reported the armed robbery and kidnapping to the manager. After calling 911 after 1:00 p.m., they contacted all of the hotel's employees but received no response from Hyman. Her body was found in Room 221 by the manager and a police officer. She had been stabbed four times in her chest and abdomen and once on her back. Three of the front stabbings inflicted fatal wounds that caused her to bleed to death internally. Expert testimony was introduced that one wound was inflicted by a weapon with a serrated blade. Appellant subsequently surrendered to police. During an interview at which he waived his *Miranda* rights, appellant admitted robbing McLemore and taking her car. After initial denials, he told officers that he had stabbed Hyman using a serrated knife he found in the room's kitchenette.

In his testimony at trial, appellant stated that he met with Hyman in Room 221 and retrieved his pouch from her but that he did not kill her. He explained that he confessed to stabbing her because he was depressed and "wanted to get out of that room as quickly as possible." He testified that he robbed the office but denied using a handgun to do so and claimed McLemore went with him voluntarily to her car; he admitted that he thereafter took her car.

In challenging the sufficiency of the evidence of the murder, appellant relies on testimony by Hyman's son, Kiylo Hinton, in which Hinton acknowledged that he gave a statement to the police after learning his mother was murdered and that, in the statement, he told police that he "spoke to [his] mom on [his] cell phone from 12:30 to 2:00 p.m." Because McLemore testified that she and appellant left the hotel by 1:00 p.m. and appellant never returned,

appellant asserts that it is "impossible" for him to have killed Hyman. However, Hinton never identified the date on which he talked to Hyman and appellant, whose own trial testimony established that he would have been talking with Hyman during this time period, made no mention that Hyman was on the phone when he retrieved his pouch of jewelry. Additionally, there was evidence regarding Hyman's failure to respond to calls from the hotel manager when McLemore returned to the hotel after 1:00 p.m. Under the circumstances, the jury was authorized to find that Hinton was clearly mistaken either about the date or the time and duration of his conversation with Hyman.

Based on our review of the trial transcript, we conclude that the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of murder, armed robbery, kidnapping and hijacking a vehicle. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by admitting his custodial statements. He acknowledges that his confession was lawfully obtained but asserts that it should have been excluded because it was patently false and asks this Court to recognize the "false confession theory" in this case. Pretermitting appellant's failure to raise the "false confession theory" in the trial court, we find no merit in this argument. The trial court found after a *Jackson v. Denno* hearing that appellant's statements were given freely and voluntarily, and our review of the record establishes that the trial court's factual and credibility determination was not clearly erroneous. See *Wright v. State*, 285 Ga. 428 (2) (677 SE2d 82) (2009). Moreover, the jury viewed the DVD recording of appellant's police interview and was able to see for itself the circumstances under which he made his statements. See id. at 432 (2). "Considering the totality of the circumstances, the admission of the contested statements was not error. [Cit.]" Id.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 24, 2011.

*Mack & Harris, Robert L. Mack, Jr.,* for appellant.
*Tracy Graham-Lawson, District Attorney, Billy J. Dixon, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sheila E. Gallow, Assistant Attorney General,* for appellee.